UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LISA ODISHO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION, dba COSTCO, a foreign corporation; DOES I-X, and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | CASE NO.: 2:23-cv-01196-JAD-MDC<br><br>ORDER RE: JOINT STIPULATION REGARDING DISCOVERY DISPUTE (ECF No. 55) and RELATED BRIEFS (ECF Nos. 58-60) |

Pending before the Court is a discovery dispute regarding plaintiff's requests for certain documents relevant to her slip and fall claims against defendants. The Court has reviewed the parties' *Joint Stipulation Regarding Discovery Dispute* (ECF No. 55) ("Stipulation") and the additional briefs requested by the Court (ECF Nos. 57-60). For the reasons below, the Court **GRANTS** plaintiff's request and **COMPELS** defendant to produce the relevant General Liability Claims Form ("GL Form") and claims' notes to plaintiff by **October 31, 2025**. The Court further **DENIES** plaintiff's *Motion for Sanctions* (ECF No. 59).

I.   BACKGROUND

This is a personal injury action. Plaintiff alleges that she slipped and fell inside defendant's Costco location at 3411 St Rose Pkwy Trail, Henderson. The parties do not dispute that plaintiff slipped and fell. The parties, however, dispute the nature of the substance which caused plaintiff to fall, liability, causation, and plaintiff's damages. Shortly after plaintiff fell, defendant's assistant warehouse manager for that location, Kurt Kovalenko ("Kovalenko"), responded to incident and spoke to plaintiff. Kovalenko then completed a GL Form providing factual details about the incident. The GL Form is a general, fill-in form that completed by a Costco employee whenever there is an incident at a Costco.

1

In addition to the GL Form, defendant's third-party administrator, Gallagher Bassett, created various claims' notes regarding the matter. Per defendant, the claims' notes "encompass mental impressions, conclusions, opinions, or legal theories of adjusters from Gallagher Bassett, which would be agents or other representatives of defendant." *ECF No. 60* at 5.

Plaintiff requested defendant to produce the GL Form and claims' notes by Request Nos. 1, 15, and 19 of her Third Request for Production of Documents. *See ECF Nos. 55*, *58*, and *60-6*. Defendant objected and refused to produce the GL Form or claims' notes, arguing that such are protected from disclosure (1) by the attorney-client privilege; (2) by the attorney work product immunity; or (3) because they contain trade secrets. Defendant also argues that the information contained in the GL Form and claims' notes is available from other, non-protected sources. Plaintiff rejects defendant's assertions and request the Court to compel defendant to produce the GL Form and claims' notes.

## II.    DISCUSSION

### A.    General Legal Standards

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…." *See* FRCP 26(b)(1). However, the "court has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). When discovery disputes arise, both parties have the burden to support their position with non-boiler plate arguments and legal authorities. Thus, a party seeking to compel discovery has the burden of supporting its requests with meaningfully developed legal arguments and specific case law." *Linksmart Wireless Tech., LLC v. Caesars Ent. Corp.*, 2021 WL 933240, at *1 (D. Nev. Jan. 28, 2021). Similarly, the party resisting discovery bears "the heavy burden of showing why discovery should be denied." *Daisy Tr. v. JP Morgan Chase Bank.*, 2017 WL 3037427, at *2 (D. Nev. July 18, 2017) (*citing Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). To meet that burden, the party opposing discovery must specifically detail the reasons for why discovery is objectionable and should be denied. *Linksmart Wireless Tech.,* 2021 WL 933240, at *1. Such party "may not rely on boilerplate, generalized, conclusory, or speculative arguments." *Id.* (*citing F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 553 (D.

Nev. 2013)). "General objections are not useful to the court ruling on a discovery motion." *Chubb Integrated Sys. Ltd. v. Nat'l Bank of Washington*, 103 F.R.D. 52, 58 (D.D.C. 1984).

    **B.**    **Analysis**

Defendant failed to meet its general discovery burdens and its burdens to establish the application of the attorney-client privilege, work product immunity, or trade secret protection. Defendant's objections are largely conclusory. Defendant did not provide any supporting declarations, affidavits, or sufficient factual evidence.

    **1.**    **Defendant Failed To Establish The Attorney-Client Privilege Protects the GL Form or Claims' Notes**

"The attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice, as well as an attorney's advice in response to such disclosures." *Diamond State Ins. Co. v. Rebel Oil Co.*, 157 F.R.D. 691, 698 (D. Nev. 1994)(citations omitted). "The work-product rule is not a privilege but an immunity protecting, from discovery, documents and tangible things prepared by a party or its representative in anticipation of litigation." *Id* (citations omitted). Federal Rule of Evidence 501 provides, "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." *Id.* The parties do not address the applicable law governing the attorney-client privilege. The Court's jurisdiction is based on diversity (ECF No. 1-1). Plaintiff's complaint (ECF No. 1-1) asserts only one claim for relief, a common law negligence claim. The Court will therefore apply Nevada law to the attorney-client privilege.

The Nevada Supreme Court has held that the attorney-client privilege should be "strictly confined within the narrowest possible limits" because it obstructs the search for the truth. *Whitehead v. Nevada Comm'n on Jud. Discipline*, 110 Nev. 380, 415, 873 P.2d 946, 968 (1994) (internal quotations and citations omitted); *see also Clark Cty. Sch. Dist. v. Las Vegas Review-Journal*, 134 Nev. 700, 705, 429 P.3d 313, 318 (2018) ("It is well settled that privileges, whether creatures of statute or the common law, should be interpreted and applied narrowly.") (internal quotations omitted); *Phillips v. C.R. Bard,*

*Inc.*, 290 F.R.D. 615, 625 (D. Nev. 2013) (applying *Whitehead* and narrowly construing the attorney-client privilege). "The party asserting the privilege has the burden to prove that the material is in fact privileged." *Canarelli v. Eighth Jud. Dist. Ct. in & for Cnty. of Clark*, 136 Nev. 247, 252, 464 P.3d 114, 120 (2020) (citing *Ralls v. United States*, 52 F.3d 223, 225 (9th Cir. 1995)).

Nevada has codified the attorney-client privilege in Nev. Rev. Stat 49.095, which in summary provides that "[a] client has a privilege to refuse to disclose, and to prevent any other person from disclosing, confidential communications [b]etween the client or the client's representative and the client's lawyer or the representative of the client's lawyer…[m]ade for the purpose of facilitating the rendition of professional legal services to the client…." *Id.* "Mere facts are not privileged, but communications about facts in order to obtain legal advice are." *Wynn Resorts, Ltd. v. Eighth Jud. Dist. Ct.*, 133 Nev. 369, 374, 399 P.3d 334, 341 (2017). And such communications may only be made to a lawyer or other persons within a corporation or legal team in order to facilitate the rendition of legal advice. *Id.*

> [T]he party asserting the privilege has the burden of making a prima facie showing that the privilege protects the information that the party intends to withhold…. This burden is met by demonstrating that the documents adhere to the essential elements of the attorney-client privilege….. This demonstration is generally accomplished by the submission of a privilege log which identifies (a) the attorney and client involved, (b) the nature of the document, (c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been furnished the documents or informed of its substance, and (e) the date the document was generated, prepared, or dated…. Affidavits may also be required to answer any necessary questions left open by the log….

*Diamond State Ins. Co.*, 157 F.R.D. at, 698 (internal quotations and citations omitted); *see also* Nev. Rev. Stat. 49.095.

Defendant's assertion of the attorney-client privilege falls considerably short of its burden. Defendant simply argues that the GL Form "was created with the intent of it being for the benefit of Defendant's legal counsel and made by a Defendant employee in furtherance of the same[.]" *ECF No. 55* at 6:4-6. This statement is conclusory and vague and, strictly construing the privilege, defendant

does not actually establish the fundamental element verbatim, *e.g.*, show that GL Form was made "for the purpose of facilitating the rendition of professional legal services." *See* Nev. Rev. Stat. 49.095. More importantly, defendant does not identify any legal counsel for whose benefit the GL Form was purportedly prepared. Defendant fails to identify in the Stipulation (ECF No. 55), its brief (ECF No. 60), or related Privilege Log (ECF No. 54) any attorney that actually received the GL Form or claims' notes.

Furthermore, defendant is vague and seemingly contradictory as to what non-lawyer may have received the GL Form. On the one hand, defendant states in the Stipulation that the GL form was emailed to defendant's third-party claim administrator, Gallagher Basset (ECF No. 55 at 2:8-9). In its Privilege Log, however, defendant does not identify Gallagher Basset, or anyone else, as a recipient. *ECF No. 54*. Defendant states that there are "none known" recipients of the GL Form:

| Bates No. | Author & Title | Recipient (include CC's & Titles) | Other Individuals with Access to the Documents & Titles | Type of Document | Subject Matter of Document | Purpose for Production of Document | Date on Document | Asserted Privilege |
|---|---|---|---|---|---|---|---|---|
| .... | | | | | | | | in this matter. |
| CF000020-CF000021 | Kurt Kovalenko | None known | None known | Report | Confidential Information Report Form | Request for Production No. 1 | 10/21/2022 | 3, 5, 6, 8, produced with redactions |

*ECF No. 54.*

The Court has reviewed in camera the GL Form and examined the nature, content, and offered context in which GL Form was prepared. The GL Form does not include any interpretation of facts, concerns about the facts, queries whether such facts have legal consequences or any other elements triggering the attorney-client privilege. *See* Nev. Rev. Stat. 49.095. The GL Form contains only facts that Kovalenko recorded in responding to the incident, which are not privileged. *Wynn Resorts, Ltd.*, 133 Nev. at 374, 399 P.3d at 341; *see also e.g.*, *Nelson v. NAV-RENO-GS, LLC*, No. 3:12-CV-0165-LRH VPC, 2013 WL 2475862, at *4 (D. Nev. June 7, 2013) ("The notes were prepared by non-attorneys, they do not contain any legal advice from Mr. Hall to Mr. Lundgren, nor are they

communications between an attorney and a client. They are recorded facts that Mr. Lundgren and Ms. Kite took during employee interviews and nothing more.").

Defendant also failed to meet its burden addressing application of the attorney-client privilege elements to the claims' notes. *See U.S. Commodity Futures Trading Comm'n v. Banc de Binary, Ltd.*, No. 2:13-CV-992-MMD-VCF, 2015 WL 556441, at *4 (D. Nev. Feb. 11, 2015) ("Given our adversary system of litigation, it is not the role of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel.") (citing *Doherty v. City of Chicago*, 75 F.3d 318, 324 (7th Cir.1996)). Thus, defendant failed to establish the claims' notes contain confidential communications between defendant or its representative and defendant's lawyer made for the purpose of facilitating the rendition of professional legal services to the defendant. *See* Nev. Rev. Stat. 49.095.

### 2. Defendant Fails To Establish The GL Form or Claims' Notes Are Trade Secrets

"[T]here is no absolute privilege for trade secrets and similar confidential information…. To resist discovery of a trade secret, a party must first demonstrate by competent evidence that the information sought through discovery is a trade secret and that disclosure of the secret might be harmful. *Prodox, LLC v. Pro. Document Servs., Inc.*, No. 2:20-CV-02035-JAD-NJK, 2021 WL 5370236, at *4 (D. Nev. Nov. 16, 2021) (internal quotations and citations omitted). Defendant did not provide the Court any competent evidence and authorities showing that the GL Form or claims' notes contain any trade secrets. Instead, defendant simply states "that the disclosure of the requested documents would disclose proprietary/trade secret/confidential information." ECF No. 55 at 5; *see also* ECF No. 60 at 7. Defendant's conclusory objection neither establishes a trade secret nor is sufficient to refuse discovery. *See Linksmart Wireless Tech., LLC*, 2021 WL 933240, at *1.

### 3. Defendant Did Not Meet Its Burden In Showing The Work Product Privilege Protects Disclosure of the GL Forms or Claims' Notes

"Unlike the attorney-client privilege, the work-product doctrine is a procedural immunity and not an evidentiary privilege…. The scope of the work-product doctrine is therefore determined by

6

federal law, even when the federal court applies state substantive law." *Holliday v. Extex*, 447 F. Supp. 2d 1131, 1138 (D. Haw. 2006) (internal quotations and citations omitted); *see also Mayorga v. Ronaldo,* 606 F. Supp. 3d 1003, 1019 n. 98 (D. Nev. 2022), aff'd, No. 22-16009, 2023 WL 8047781 (9th Cir. Nov. 21, 2023) ("[T]he Ninth Circuit has not decided whether federal or state law governs work-product claims, but most district courts and other circuit courts to do so have held that the work-product doctrine is procedural and, thus, federal law applies…. and I agree with the majority of courts that have so held.").

The work-product doctrine provides absolute immunity from discovery for "opinion" documents that contain "an attorney's mental impressions, conclusions, opinions or legal theories." *Diamond State Ins. Co.*, 157 F.R.D. at 699. The work-product doctrine also provides a lesser, qualified immunity for "documents and tangible things prepared by a party or his representative in anticipation of litigation," as codified in Fed. R. Civ. P. 26(b)(3). Defendant argues that the GL Form and claims' notes are subject to either absolute immunity as opinion work-product (ECF No. 55 at 7 and ECF No. 60 at 5) or qualified immunity because they were prepared in anticipation of litigation (ECF No. 55 at 6-7 and ECF No. 60 at 10).

"As in the case of the attorney-client privilege, the party claiming the [work-product] protection bears the burden of demonstrating the applicability of the work product doctrine." *Phillips*, 290 F.R.D. at 634 (citations omitted). Such burden is a substantive and meaningful and cannot be met with conclusory argument. At a minimum, a party asserting work-product protection must submit a detailed affidavit with precise facts to support the immunity claim:

> The party asserting the work-product rule has the burden of establishing, for each document, the rule's application…. This burden is met by submitting detailed affidavits sufficient to show that precise facts exist to support the immunity claim.

*Diamond State Ins. Co. v. Rebel Oil Co.,* 157 F.R.D. 691, 698–99 (D. Nev. 1994) (internal citations omitted); *Fifty-Six Hope Rd. Music, Ltd. v. Mayah Collections, Inc.*, No. 05-CV-01059-KJD-GWF, 2007

7

WL 1726558, at *7 (D. Nev. June 11, 2007).

The party asserting work-product protection must "also provide a privilege log describing the documents it claims to be protected." *Diamond State Ins. Co.,* 157 F.R.D. at 698–99. A privilege log may be unduly burdensome if the information subject to a work-product protection claim is voluminous. In which case, the affidavit supporting the work-product immunity claim should also include the following information:

> (1) That Plaintiffs have made a diligent and good faith effort to locate and produce all relevant and non-privileged documents, including emails, responsive to Defendant's requests. (2) The number, or a reasonable estimate of the number, of the privileged email communications that exist. (3) That Plaintiffs have reviewed the alleged attorney-client or work-product privileged emails to ensure that relevant, non-privileged email communications are not being withheld from production and that Plaintiffs' counsel verifies that no arguably non-privileged email communications are being withheld. (4) In the case of emails as to which the attorney-client privilege is claimed, the affidavit or declaration should include a verification that the emails were not provided to persons other than the client and attorney. If such communications were provided to non-clients, and the attorney-client privileged is still claimed, then a privilege log consistent with Diamond State for each such communication should be provided. (5) In the case of attorney-work product, the privilege may extend to persons other than the attorneys or the client, such as investigators. To the extent any attorney work-product emails have been provided to persons other than the attorneys or the client, an appropriate privilege log consistent with *Diamond State* should be produced for each such communication and an explanation provided as to why the work-product privilege applies.

*Fifty-Six Hope Rd. Music, Ltd.*, 2007 WL 1726558, at *8.

### a. GL Form

The GL Form is not subject to absolute or qualified work-product immunity. It was not prepared by counsel. It does not contain or reflect any mental impressions, conclusions, opinions or legal theories of counsel, or defendant's representative. It is merely a fillable form requesting facts. Defendant also failed to show the GL Form is otherwise subject to qualified work product immunity because it was prepared in anticipation of litigation. Principally, defendant did not provide the Court a detailed affidavit "sufficient to show that precise facts exist to support the immunity claim." *Diamond State Ins.*

8

1   *Co*. 157 F.R.D. at 698–99.  Defendant offered only conclusory arguments that GL Form is a standard
2   form that is completed at the direction of legal counsel whenever there is an incident and litigation is
3   anticipated, as when a slip and fall occurs.  *See ECF No. 55* at 2:12-20.  Generally, such "generalized,
4   conclusory, or speculative arguments" (*Linksmart Wireless Tech.,* 2021 WL 933240, at *1) do not meet
5   the "the heavy burden of showing why discovery should be denied" (*Daisy Tr.*, 2017 WL 3037427, at
6   *2).

7   Specific to the work-product issue, defendant did not offer any affidavits or declarations to
8   support its arguments and provide the Court with sufficient, detailed facts establishing the necessary
9   work-product protection elements.  *See Diamond State Ins. Co.* 157 F.R.D. at 698–99; *Fifty-Six Hope*
10  *Rd. Music, Ltd.,* 2007 WL 1726558, at *7.  For example, defendant did not offer an affidavit from any
11  counsel about directing Kovalenko to prepare the GL Form after the alleged incident.  Defendant did not
12  offer any affidavit from counsel that that litigation was anticipated at the time Kovalenko prepared the
13  GL Form.  Moreover, plaintiff's counsel did not send a letter of representation to defendants until two
14  and half weeks after the incident.  *See ECF No. 55* at 7.  Further problematic is that the GL Form was
15  not actually provided any attorney according to defendant's privilege log.  *See ECF No. 54*.

16  That the GL Form includes the boiler plate language, "THIS REPORT IS TO BE PREPARED
17  FOR THE COMPANY'S LEGAL COUNSEL," does not satisfy defendant's burden.  Such boiler plate
18  language does not obviate the requisite affidavit from counsel establishing that it was actually prepared
19  at counsel's direction.  *See Diamond State Ins. Co.* 157 F.R.D. at 698–99; *Fifty-Six Hope Rd. Music,*
20  *Ltd.,* 2007 WL 1726558, at *7.  Nor does it actually establish that the GL Form was prepared in
21  anticipation of litigation.  The party asserting qualified work product immunity for documents prepared
22  in anticipation of litigation "must demonstrate the threat of litigation was impending" at the time the GL
23  Form was prepared.  *Phillips*, 290 F.R.D. at 635.  Moreover, while federal law determines the scope of
24  the work-product doctrine (*see Mayorga,* 606 F. Supp. 3d at 1019 n. 9), both parties rely on Nevada law,
25  which the Court also finds persuasive.  According to the Nevada Supreme Court, simply injecting an
    attorney into an event investigative process does not confer work-product protection.  *Columbia/HCA*

*Healthcare Corp. v. Eighth Jud. Dist. Ct.*, 113 Nev. 521, 527, 936 P.2d 844, 848 (1997) ("To suggest, as Sunrise Hospital does, that documents become privileged by injecting an attorney into the investigative process is a specious argument, especially when the investigation occurs in the ordinary course of business."). Accordingly, the inclusion of the aforementioned boilerplate language into the GL Form does not automatically establish work-product protection. Again, defendant failed to establish by affidavit sufficient details showing that the GL Form was actually prepared at the request of an attorney in anticipation of litigation.

### b. The Claims' Notes

Defendant similarly fail to meet its burden to invoke work-product protection over the claims' notes. As with the GL Form, defendant's arguments seeking work-product protection over the claims' notes are matter-of-fact and largely unsupported with either authorities or evidence. Defendant did not offer any legal authorities supporting its position in the parties' *Stipulation Regarding Discovery Dispute* (ECF No. 55). *See* LR 7-2(d) (failure to file supporting points and authorities constitutes a consent to deny the motion). The Court then gave defendant another opportunity to develop its argument, but defendant's supplemental brief (ECF No. 60) offers only one complete authority, "*Holmgren v. State Farm Mut. Auto. Ins. Co.*, 91-35350, 1992 WL 245939 (9th Cir. 1992)," and one incomplete citation to "*Keolis*" to support its arguments. *See ECF No. 60 at 8*[1], *10*.

---

[1] At page 8 of their supplemental brief (ECF No. 60), Defendant states: "The GL form was created in anticipation of litigation, which is a prong of the 'because of' test referenced in *Keolis*—it indicates it is a report prepared for Defendant's legal counsel and provides information related to the incident to aid Defendant's counsel in the evaluation and handling of the matter." *Id.* Defendant do not provide either a full case name or citation. The Court assumes defendant refers to *Keolis Transit Servs., LLC v. Eighth Jud. Dist. Ct.*, 138 Nev. 71, 506 P.3d 1076 (Nev. App. 2022). There, the Nevada Court of Appeals held that insurance investigation materials that are created in anticipation of litigation are only protected by the work product doctrine only if they are created at the direction of counsel under circumstances demonstrating that counsel's involvement was reasonable and not for the mere strategic purpose of obtaining work-product protection for routinely created materials. *Id.* 138 Nev. at 77, 506 P.3d at 1082.

10

In *Holmgren*, the Ninth Circuit panel held that State Farm met its burden in establishing the opinion work product protection over two documents that contained the opinion of a State Farm adjuster regarding the potential range of liability. *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 576 (9th Cir. 1992). The panel relied on *Reavis v. Metropolitan Property & Liability Ins. Co.*, 117 F.R.D. 160, 164 (S.D. Cal. 1987) to recognize opinion work product applies to insurance adjusters handling claim. *Holmgren,* 976 F.2d at 576. While the scope of *Holmgren* is unclear, defendant's reliance thereon is insignificant because *Holmgren* did not change defendant's burden, which they failed to meet here.

In other words, *Holmgren* does not change or diminish a party's burden in establishing that the work-product protection applies (to product prepared by either an attorney or insurance adjuster). *Holmgren* expressly acknowledged that State Farm's work-product assertion was supported by affidavit (*id.*), which requirement this Court has previously restated. *See Diamond State Ins. Co.* 157 F.R.D. at 698–99; *Fifty-Six Hope Rd. Music, Ltd.,* 2007 WL 1726558, at *7. Here, defendant did not provide the Court with an affidavit from counsel or any insurance adjuster in support of its work-product assertion over any of the documents comprising the claims' notes. *See Diamond State Ins. Co.* 157 F.R.D. at 698–99. Instead, defendant makes only broad sweeping claims that every document encompassing the claims' notes somehow contains work product. *See ECF Nos. 55* and *60*. Defendant, however, had the burden to establish work-product protection "for each document" or, if the claims' notes are voluminous, through an affidavit outlined in *Fifty-Six Hope Rd. Music, Ltd.*, 2007 WL 1726558, at *8. Defendant failed to do either.

### III.  SANCTIONS ARE NOT APPROPRIATE AT THIS TIME

Plaintiff requests defendant be sanctioned fees per FRCP 37(a)(5)(A). A court has discretion whether to issue sanctions pursuant to Rule 37. *Reese v. Bryan*, No. 2:19-CV-00512-RFB-BNW, 2022 WL 1265848, at *2 (D. Nev. Apr. 27, 2022) (citing *Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 844 (9th Cir. 1976)). A court may also deny sanctions where circumstances make an award of expenses

11

unjust. Fed. R. Civ. P. 37(a)(5)(A). The Court, in its discretion, declines to sanction defendants. The Court also finds that sanctions under the circumstances here are unjust. While defendant did not meet its burden resisting discovery of the GL Form or claims' notes under the work-product doctrine or attorney-client privilege, defendant demonstrated that it acted in good faith. Among other things, defendant engaged in various meet-and-confer sessions with plaintiff, provided plaintiff with redacted versions of the requested documents, and made available for deposition several employees to testify about factual matters contained in the withheld documents.

## IV.   CONCLUSION

For the foregoing reasons and particular circumstances present here, the Court compels defendant to produce GL Form and claims' notes. Compelling production of material over work-product or attorney-client privilege objections requires pause, reservation, and careful consideration, which the Court undertook. Similar care is required of the party asserting such objections. Defendant's objections and arguments (ECF Nos. 55 and 60), however, were conclusory and mostly unsupported. In sum, defendant did not persuade the Court to protect the GL Form and claims' notes from disclosure under the work-product doctrine or attorney-client privilege.

Accordingly,

**IT IS ORDERED** that:

(1) The parties' Stipulation Regarding Discovery Dispute (ECF No. 55) is **GRANTED** as to plaintiff's request to compel and **DENIED** as to defendant's request for protective order.

(2) Defendant **SHALL PRODUCE** to plaintiff by **October 31, 2025**, the GL Form and claims' notes per plaintiff's Request For Production Nos. 1, 15 and 19.

(3) Plaintiff's Motion for Sanctions (ECF No. 59) is **DENIED**.

**IT IS SO ORDERED**

Dated: October 7, 2025.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge