**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Lisa Odisho,

    Plaintiff

v.

Costco Wholesale Corporation,

    Defendant

Case No.: 2:23-cv-1196-JAD-MDC

**Order Denying Motions to Seal**

[ECF Nos. 36, 40, 61]

    In this slip-and-fall case, Costco Wholesale Corporation moves to seal surveillance footage of its warehouse, its "daily floor-walk/safety inspection" form, and the deposition transcript of its person-most-knowledgeable witness, Kurt Kovalenko. Plaintiff Lisa Odisho separately moves to seal Kovalenko's deposition transcript and its unredacted summary-judgment response brief referring to that transcript. All of those exhibits are filed to support or oppose Costco's summary-judgment motion in this case. Because the parties do not provide sufficiently compelling reasons to justify sealing any of these exhibits, I deny their motions.

**Discussion**

    "The public has a 'general right to inspect and copy public records and documents including judicial records and documents.'"[1] "Although the common law right of access is not absolute, '[courts] start with a strong presumption in favor of access to court records.'"[2] A party seeking to seal judicial records attached to dispositive motions like the summary-judgment motion at issue here[3] can overcome the strong presumption of access by providing "sufficiently

---

[1] *In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (quoting *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 597 (1978)).

[2] *Id.* (quoting *Foltz v. St. Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

[3] For sealing purposes, the Ninth Circuit considers dispositive any motion that "is more than tangentially related to the underlying cause of action." *Ctr. for Auto Safety v. Chrysler Grp.*

compelling reasons" that override the public policies favoring disclosure.[4] "When ruling on a motion to seal court records, the district court must balance the competing interests of the public and the party seeking to seal judicial records" and "articulate a factual basis for each compelling reason to seal."[5]

I do not find compelling reasons to seal the surveillance footage of the incident. Costco contends that releasing this footage to the public would show "how [Costco's] cameras in the subject warehouse function and capabilities of the cameras and system."[6] But Costco doesn't explain why the release of that information would harm its business. It also argues that public release would allow individuals "to glean information such as what the cameras can and cannot detect, i.e., blind spots, which could lead to potential harm to its members, employees, and third-party contractors; and would cause risk of shrinkage/product loss."[7] I cannot conclude, based on mere speculation, that awareness of blind spots in a surveillance system would truly harm Costco's business or its members. Nor has Costco shown that this type of evidence is the type

---

*LLC*, 809 F.3d 1092, 1100 (9th Cir. 2016) (citations omitted). Costco's summary-judgment motion meets that definition.

[4] *In re Midland*, 686 F.3d at 1118; *see also Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

[5] *In re Midland*, 686 F.3d at 1119 (citations omitted).

[6] Costco has tried this tactic in other districts, with no success. *See Baldwin v. Costco Wholesale Corp.*, 2025 WL 963975, at *1 (D. Ariz. Mar. 31, 2025) (noting that Costco had tried to seal video surveillance and documents related to safety inspections in three separate cases, and each attempt was denied); *see also Bowen v. Costco Wholesale Corp.*, 2025 WL 786517 (D. Ariz. Mar. 12, 2025) (denying Costco's motion to seal surveillance footage), *Sheikh v. Costco Wholesale Corp.*, 2024 WL 455243 (D. Ariz. Feb. 6, 2024) (same); *Ryan v. Costco Wholesale Corp.*, 2024 WL 455234 (Feb. 6, 2024) (same); *Peera v. Costco Wholesale Corp.*, 2023 WL 7106886, at *2 (N.D. Cal. Sept. 20, 2023) (same).

[7] ECF No. 36 at 4–5.

that is traditionally kept secret—it's common knowledge that stores have surveillance cameras to deter theft. Costco's motion to seal surveillance footage of the incident is denied.

Nor do I find compelling reasons to seal Costco's daily safety-inspection form. The form has generic information that identifies different sections of the store and a list of things that the inspector must check. Costco does not explain how this information could be considered proprietary, confidential, or harmful to Costco's competitive edge if it were to be released. So I deny Costco's motion to seal that document, too.

I have reviewed also Kovalenko's deposition transcript and conclude that Costco has also not shown compelling reasons to seal that exhibit. Costco generically states that the deposition includes "proprietary information and trade secrets [that] were shared for purposes for this litigation" and identified that information as: "policies and procedures concerning training of employees; internal policies and procedures concerning incidents occurring at [Costco's] warehouses; [and] locations and descriptions of [Costco's] security cameras; and information pertaining to the production and display of [Costco's] rotisserie chickens."[8] Costco fails to provide any support for the argument that any of this information constitutes a trade secret or is otherwise not accessible to the public. Without specific facts identifying what policies and procedures are proprietary or confidential, Costco has not justified the wholesale sealing of Kovalenko's deposition.[9] So I deny Costco's and Odisho's motions to seal that exhibit and Odisho's unredacted response to Costco's summary judgment motion.[10]

---

[8] ECF No. 36 at 5.

[9] Plus, Costco has already (maybe inadvertently) filed the deposition on the public docket. *See* ECF No. 60-5.

[10] Costco moves to seal Kovalenko's deposition attached to its summary-judgment motion, as well as the copy attached to a discovery dispute. *See* ECF Nos. 36, 61. Because unsealing the

**Conclusion**

IT IS THEREFORE ORDERED that the motions to seal Costco's video surveillance, safety-inspection form, and deposition of Kurt Kovalenko **[ECF Nos. 36, 40, 61] are DENIED. The Clerk of Court is directed to UNSEAL ECF Nos. 36, 37, 41, 42, 45, and 61.**

_____
U.S. District Judge Jennifer A. Dorsey
October 28, 2025

---

deposition under the compelling-reasons standard renders moot the motion to seal under the good-cause standard applicable to exhibits attached to discovery disputes, I deny that motion too.

4